UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 29, 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-301 |
| | : | |
| | : | Grand Jury Original |
| v. | : | |
| | : | VIOLATIONS: |
| | : | 18 U.S.C. § 371 (Conspiracy); |
| MICHAEL J. PETERS, | : | 18 U.S.C. § 201(c)(1)(B) (Receipt of |
| | : | Gratuity by a Public Official); |
| Defendant. | : | 18 U.S.C. § 1001(a)(2) (False |
| | : | Statements); and |
| | : | 18 U.S.C. §§ 208(a), 216(a)(2) (Acts |
| | : | Affecting a Financial Interest). |

# INDICTMENT

The Grand Jury charges that:

SULLIVAN, J. EGS
B

## COUNT ONE
## CONSPIRACY

FILED IN OPEN COURT

OCT 0 6 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

### Introduction

1. At all times material to this Indictment, the National Aeronautics and Space Administration ("NASA") was an independent agency of the United States.

2. From in or about April 2002 to about August 2003, the defendant MICHAEL J. PETERS was a Senior Analyst for NASA, and worked in the Office of the Administrator, NASA headquarters, located at 300 E Street, S.W., Washington, D.C.

3. In or about 2002, because of his position at NASA, the defendant MICHAEL J. PETERS was required to complete and file a Questionnaire for National Security Position. This Questionnaire required that the defendant PETERS list all employment activities, including part-time work, and to file the form with NASA headquarters.

4.  In or about 2003, because the defendant MICHAEL J. PETERS received salary from NASA in excess of $101,000, he was required to complete and file an Executive Branch Personnel Public Financial Disclosure Report ("Financial Disclosure Report") disclosing: all assets and income to himself and his spouse; gifts and reimbursements; agreements or arrangements; and outside employment, among other information. This report was to be filed with NASA headquarters.

5.  At all times material to this Indictment, the defendant MICHAEL J. PETERS' job at NASA was to evaluate and recommend financial software so that NASA's senior leadership could access the various NASA centers' budgets and expenditures from a central location. In carrying out this job, the defendant PETERS was expected to consider financial software products available from outside vendors as well as software programs developed from within NASA, and to provide information about the advantages and disadvantages of the financial software and a recommendation as to the financial software best fitted for the project.

6.  At all times material to this Indictment, Open Systems Sciences ("OSS") was a company which, among other things, owned a financial software product named Financial Management Controller ("FM Controller") and sought to market the software product to the government, including NASA.

### The Conspiracy

7.  From in or before April 2002, and continuing thereafter through at least in or about August 2003, in the District of Columbia and elsewhere, the defendant MICHAEL J. PETERS did unlawfully and knowingly conspire, combine, confederate, and agree with other persons both known and unknown to the grand jury to commit offenses against the United States, by:

2

    a.    accepting gratuities as a public official, for or because of official acts performed or to be performed, in violation of 18 U.S.C. §201(c)(1)(B);

    b.    making a materially false, fictitious, and fraudulent statement and representation to NASA, in violation of 18 U.S.C. §1001(a)(2); and

    c.    willfully participating, personally and substantially as a government employee through recommendation in a matter in which he had a financial interest, in violation of 18 U.S.C. §§ 208(a) and 216(a)(2).

### Goal of the Conspiracy

8. It was a goal of the conspiracy that defendant MICHAEL J. PETERS and his co-conspirators would use defendant PETERS' position at NASA, without disclosing to NASA defendant PETERS' connection to OSS, to promote the purchase of the OSS financial software by NASA.

### Manner and Means

9. It was a part of the conspiracy that OSS paid the defendant MICHAEL J. PETERS to develop and market the OSS software, FM Controller. While the defendant PETERS was employed at NASA, he received and accepted monthly checks, for a total of about $25,500, from OSS, funneled through a company identified in this Indictment as CDC, for his work on the FM Controller financial software product for OSS.

10. It was a further part of the conspiracy that on or about May 1, 2002, the defendant MICHAEL J. PETERS completed a Questionnaire for National Security Position. On this form, the defendant PETERS failed to disclose to NASA that he was employed by OSS and received money from OSS through CDC.

11. It was a further part of the conspiracy that the defendant MICHAEL J. PETERS asked for the payment checks, sent by CDC for OSS, to be written in the name of the defendant PETERS'

company, Greenlea Associates. These checks were deposited into defendant PETERS' bank account.

12. It was a further part of the conspiracy that on or about May 15, 2003, in order to disguise and conceal the money that he received from OSS through CDC from in or about April to in or about December, 2002, the defendant MICHAEL J. PETERS represented to NASA that he received money from Greenlea Associates from his work on horses. The defendant PETERS did not list anywhere on his Financial Disclosure Report any income, payments, or employment from or with CDC or OSS.

13. It was a further part of the conspiracy that the defendant MICHAEL J. PETERS arranged for OSS to demonstrate their financial software product to officials at NASA, without disclosing to NASA that OSS was paying him to develop and market the OSS financial software product.

14. It was a further part of the conspiracy that the defendant MICHAEL J. PETERS advocated and recommended to officials at NASA that NASA purchase OSS's financial software product, without disclosing to them that OSS was paying him to develop and market their financial software product.

### Overt Acts

In furtherance of the conspiracy and to effect the object thereof, the defendant MICHAEL J. PETERS, along with other members of the conspiracy known and unknown to the grand jury committed the following overt acts, among others, in the District of Columbia and elsewhere:

15. From on or about April 15, 2002 to in or about August, 2003, the defendant MICHAEL J. PETERS received about sixteen checks worth approximately $25,500 from OSS

funneled through CDC and deposited into the defendant PETERS' account in the name of Greenlea Associates.

16. On or about May 1, 2002, in the District of Columbia, the defendant MICHAEL J. PETERS submitted a Questionnaire for National Security Position, failing to disclose the paid work he did for OSS or CDC.

17. On or about May 15, 2003, in the District of Columbia, the defendant MICHAEL J. PETERS submitted a Financial Disclosure Report for finances relating to calendar year 2002, listing $18,000 of income from Greenlea Associates/Greenlea Farm, and identifying the income as "equine consulting services;" the defendant PETERS failed to list on his Financial Disclosure Report any income, payments, or employment as coming from or with CDC or OSS.

18. Between in or about April 2002 to in or about August 2003, in the District of Columbia, the defendant MICHAEL J. PETERS arranged for a demonstration of OSS financial software to officials at NASA.

19. Between in or about April 2002 to in or about August 2003, in the District of Columbia, the defendant MICHAEL J. PETERS advocated that NASA purchase the OSS financial software.

**(Conspiracy, in Violation
of Title 18, United States Code, Section 371)**

## COUNT TWO
## FALSE STATEMENTS

1. The allegations contained in Paragraphs 1 through 6 and 8 through 19 of Count One of this Indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about May 15, 2003, in the District of Columbia, in a matter within the jurisdiction of NASA, an agency of the United States, the defendant, MICHAEL J. PETERS, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation; that is, the defendant PETERS represented on his Public Financial Disclosure Report that the income that he received from Greenlea Associates was for "equine consulting services" well knowing that he received income from OSS for work on the FM Controller product and failing to disclose that the defendant PETERS had an agreement, arrangement, or employment with OSS to market the FM Controller product.

**(False Statements, in Violation  
of Title 18, United States Code, Section 1001(a)(2))**

### COUNT THREE
### ACTS AFFECTING A FINANCIAL INTEREST

1. The allegations contained in Paragraphs 1 through 6 and 8 through 19 of Count One of this Indictment are hereby realleged and incorporated as if fully set forth herein.

2. From in or about April 2002 to in or about August 2003, in the District of Columbia, the defendant MICHAEL J. PETERS, being an officer and employee of NASA, that is a Senior Analyst, knowingly and willfully did participate, personally and substantially as a Government

officer and employee, through his decision in recommending a financial software product, OSS's FM Controller, in which, to the knowledge of the defendant PETERS, he had a financial interest.

**(Acts Affecting a Financial Interest, in Violation
of Title 18, United States Code, Sections 208(a) and 216(a)(2))**

A TRUE BILL

FOREPERSON

*Jeffrey A. Taylor / JR*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA