UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 06-301 (EGS) |
| v. | : |
| MICHAEL J. PETERS, | : |
| Defendant. | : |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides the Court with the following memorandum in aid of sentencing.[1]

### Factual Background

Although unsuccessful, the defendant attempted to use his influence to get his employer to purchase a product being sold by a company which was paying the defendant money for marketing the very same product. The defendant, Michael J. Peters, worked for the National Aeronautics and Space Administration ("NASA"). His job at NASA was to evaluate and recommend financial software so that NASA's senior leadership could access the various NASA centers' budgets and expenditures from a central location. In carrying out this job, the defendant was expected to consider financial software products available from outside vendors as well as software programs developed from within NASA, and to provide information about the advantages and disadvantages of the financial software and give a recommendation as to the financial software that best fitted for the project.

Open Systems Sciences ("OSS") was a company which, among other things, owned a financial software product and sought to market it to the government, including NASA. Between

---

[1] The Court ordered the defense sentencing memorandum to be filed by Friday, February 2, 2007. As of the date and time of the filing of this memorandum (February 9, 2007), the defense has not filed any sentencing memorandum.

April of 2002 and August of 2003, the defendant arranged for OSS to demonstrate this financial software product and advocated on its behalf to officials at NASA, without disclosing to NASA that OSS was paying him to develop and market the OSS financial software product.

For this advocacy and his work, the defendant sought and obtained $25,500 from OSS; these payments were funneled through another company and then to the defendant's consulting company, Greenlea Associates. The defendant hid from NASA these payments from OSS. In completing a Questionnaire for a National Security Position, the defendant failed to disclose to NASA that he was employed by OSS and received money from OSS. In order to disguise and conceal money he received from OSS in calendar year 2002, the defendant represented to NASA that he received income from his work on horses. In particular, the defendant falsely completed a Financial Disclosure Report for finances relating to calendar year 2002, listing $18,000 of income from Greenlea Associates/Greenlea Farm, and identifying the income as "equine consulting services." Peters did not list anywhere on his Financial Disclosure Report any income, payments, or employment from or with OSS or the company which he used to funnel OSS money through.

Ultimately, NASA did not purchase the OSS software, but instead, used their own employees to develop a complex software system which better fit NASA's needs. The defendant's job effectively ended at this time. When the defendant's supervisor told the defendant that OSS would not be selected, the defendant had such an outburst of fury, that the supervisor "side-lined" the defendant until the end of the defendant's term of employment.

### Sentencing Considerations

The parties (and the Probation Officer) agree that the Federal Sentencing Guidelines recommend a sentencing range of 0 - 6 months. Title 18 U.S.C. §3553(a)(2)(A) requires the Court

to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The defendant committed a grave and serious crime. The public confidence in our government relies upon public employees' honesty and unbiased treatment of potential government contractors. If a government employee accepts money from a company and then pushes that company's product, it is irrelevant if the employee believes the product to be the best; the appearance of favoritism poisons the public's confidence in the fairness of the selection process. The public has a right to expect that government employees perform their duties honestly and without demanding money from outside influences.

## CONCLUSION

The government respectfully requests that the Court consider the above information in determining the just and appropriate sentence in this case. Should the Court impose a sentence of probation, the government respectfully suggests that a condition of probation include 200 hours of community service.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By:      /s/
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this _____ day of February, 2007, that a copy of the foregoing Sentencing Memorandum was served via ECF to Frank Salvato, Esq. and Joe S. Ritenour, Counsel for the defendant.

                                                                                                  _____
                                                                                                  VIRGINIA CHEATHAM
                                                                                                  Assistant U.S. Attorney